IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH WAYNE HENDRIX, # 208777, )<br>)<br>     Petitioner, )<br>)<br>v. )<br>)<br>KIM TOBIAS THOMAS, *et al.*, )<br>)<br>     Respondents. ) | Civil Action No. 2:13cv186-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This matter is before the court on a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241 filed on March 21, 2013, by Kenneth Wayne Hendrix ("Hendrix"), a state inmate at the Elmore Correctional Facility in Elmore, Alabama. Doc. No. 1. Hendrix is serving a 20-year sentence pursuant to a 2003 manslaughter conviction in the Tuscaloosa County Circuit Court. He seeks a writ of federal habeas corpus to compel the Elmore County Circuit Court to grant him a speedy trial on an indictment returned in September 2012, on charges of promoting prison contraband,[1] regarding which a detainer has been lodged with the Alabama Department of Corrections. The respondents contend that Hendrix's § 2241 petition should be dismissed without prejudice because he has failed to exhaust his available state court remedies with regard to his speedy trial claim. Doc. No. 7.

---

[1] *See* § 13A-10-37, Ala. Code 1975.

## II. DISCUSSION

An application for writ of habeas corpus under § 2241 will not be considered unless the applicant has exhausted available state court remedies. *Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004).[2] State remedies are ordinarily not deemed exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973). Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ..., if he has the right under the law of the State to raise, by any available procedure, the question presented." Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Although the Supreme Court in *Braden*, *supra*, held that a petitioner may challenge a state's denial of his right to a speedy trial through a federal habeas petition, the Court made clear that, before raising such a claim in federal court, the petitioner must exhaust all available state remedies. 410 U.S. at 488-90. A criminal defendant in Alabama may file a

---

[2] Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

motion for a speedy trial or a state petition for writ of habeas corpus in state court to address alleged speedy trial violations. *See Williams v. State*, 511 So. 265 (Ala. Crim. App. 1987).

Hendrix asserts, without setting forth any specific facts, that he has exhausted his state court remedies. Doc. No. 1 at 4. However, the respondents maintain that, contrary to Hendrix's assertion, he has not exhausted his speedy trial claim in the state courts. Doc. No 7 at 4. Specifically, the respondents aver that Hendrix has not filed a motion for a speedy trial or a state petition for writ of habeas corpus in the Elmore County Circuit Court, where his criminal charges are pending. *Id*. at 6. This court afforded Hendrix an opportunity to reply to the respondents' answer and to show cause why his § 2241 petition should not be dismissed because of his failure to exhaust state court remedies. Doc. No. 8 at 3. However, Hendrix did not avail himself of that opportunity and has filed nothing in response to the court's order. Under the circumstances, the court finds that Hendrix has failed to satisfy the exhaustion requirement.[3]

The court does not deem it appropriate to rule on the merits of Hendrix's claim without first requiring that he exhaust state remedies; it therefore concludes that the instant petition should be dismissed without prejudice so that Hendrix may exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

---

[3] If Hendrix files a motion for a speedy trial or a state petition for writ of habeas corpus in the state court seeking redress for his speedy trial claim, he would need to follow the appropriate Alabama appellate procedures in appealing any adverse decision in order to properly exhaust his speedy trial claim. *See Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Hendrix be DISMISSED without prejudice to afford Hendrix an opportunity to exhaust all available state court remedies. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before June 10, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc ), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE